UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20108-CR-ALTONAGA

UNITED STATES OF AMERICA

vs.

ARTURO ESCOBAR DOMINGUEZ,

    Defendant.
_____/

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States Department of Justice, Criminal Division, Fraud Section and Money Laundering and Asset Recovery Section, and the United States Attorney's Office for the Southern District of Florida (collectively, the "Government"), and the Defendant, Arturo Escobar Dominguez ("the defendant") stipulate and agree that the information stated herein is true and accurate and a sufficient basis for the defendant's plea of guilty to the money laundering conspiracy in violation of Title 18, United States Code, Section 1956(h) charged in the instant case. Had this matter proceeded to trial, the defendant stipulates and agrees that the Government would have proven the facts alleged below beyond a reasonable doubt and forfeiture allegations set forth in his criminal Information by a preponderance of the evidence.

Empresa Pública de Hidrocarburos del Ecuador ("PetroEcuador") is the state-owned and state-controlled oil company in Ecuador. Beginning in or around 2012 and lasting until at least 2014, the defendant, then a foreign official employed by PetroEcuador, conspired with other Ecuadorian government officials and with certain individuals from companies doing business with PetroEcuador in a scheme in which the defendant and other Ecuadorian government officials

received millions of dollars in bribes directly and indirectly in exchange for using their positions to allow companies and individuals to obtain and retain business with PetroEcuador.

Between in or around March 2012 and in or around September 2014, the defendant was the General Coordinator of Business Management and Advisor to the Refining Division Management of PetroEcuador. In that capacity, the defendant advised senior managers at PetroEcuador who had control over awarding contracts and authorizing payments on those contracts.

From in or around 2012 through at least 2014, United States citizens, residents and others, knowingly and willfully used the mails and means and instrumentalities of interstate commerce to corruptly promise to pay, and to pay, the defendant and other Ecuadorian officials to influence the defendant and the other Ecuadorian officials in their official capacity and to secure an improper advantage for companies located in the United States and abroad in order to assist the companies in obtaining and retaining business with PetroEcuador.

During this period, the defendant received approximately $1,900,000 in bribes directly and indirectly from companies that conducted business with PetroEcuador. The amount taken by the defendant was his share in a larger scheme involving several PetroEcuador officials and other Ecuadorian government officials who illicitly benefited from receiving bribes from contracting companies.

From in or around 2012 through at least 2014, the defendant knowingly and willfully conspired with others to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the illegal bribery scheme. To further the bribery scheme and conceal its illegal proceeds, the defendant and his co-conspirators, among other things, created shell companies in Panama and opened bank accounts in Panama, Switzerland, and the United States for the purpose

of laundering the illicit bribe proceeds. The defendant, for example, obtained a Panamanian shell company called Escart, S.A. (Escart) in approximately 2012 and subsequently opened a Panamanian bank account in Escart's name. The defendant also obtained an additional Panamanian shell company, Joscar International Inc. (Joscar), and opened a bank account for Joscar at a bank in Switzerland in or about January 2014.

The defendant received his bribe proceeds in several ways. In most instances, one of the defendant's co-conspirators ("PetroEcuador Official A") received the bribe payments from contracting companies into Panamanian bank accounts of shell companies he controlled. PetroEcuador Official A then wired the defendant's agreed-upon portion of the bribes to the Panamanian and Swiss bank accounts of shell companies controlled by the defendant. For example, between in or about February 2013 and in or about August 2014, PetroEcuador Official A made 13 transfers totaling approximately $823,588 from a Panamanian shell company bank account to Escart's bank account in Panama for the benefit of the defendant. Similarly, between in or about January 2014 and in or about April 2014, PetroEcuador Official A made 2 transfers totaling approximately $192,500 from a Panamanian shell company bank account to Joscar's bank account in Switzerland for the benefit of the defendant.

In other instances, the defendant received the bribes directly from the bribe-paying companies into his Panamanian accounts. Finally, the defendant also received bribes into his personal bank accounts in the Southern District of Florida, where he now resides. For example, from January 2014 through June 2014, the defendant received bribes totaling approximately $75,000 in four installments into his Bank of America checking and savings accounts in Miami, Florida from an account located in Panama and controlled by PetroEcuador Official A.

In particular, these payments to the defendant's Bank of America account in Miami, Florida were made on the following dates and in the following amounts:

- On or about January 2, 2014, the defendant received a payment consisting of bribery proceeds of $15,000 into his Bank of America savings account in Miami, Florida from an account located in Panama and controlled by PetroEcuador Official A.

- Also on or about January 2, 2014, the defendant received a payment consisting of bribery proceeds of $10,000 into his Bank of America checking account in Miami, Florida from an account located in Panama and controlled by PetroEcuador Official A.

- On or about June 12, 2014, the defendant received a payment consisting of bribery proceeds of $25,000 into his Bank of America savings account in Miami, Florida from an account located in Panama and controlled by PetroEcuador Official A.

- Also on or about June 12, 2014, the defendant received a payment consisting of bribery proceeds of $25,000 into his Bank of America checking account in Miami, Florida from an account located in Panama and controlled by PetroEcuador Official A.

The defendant knew at the time he received the illegal bribery proceeds into his U.S., Panamanian, and Swiss bank accounts that the money was the proceeds of unlawful activity. The defendant also, knowing that his conduct was wrong and unlawful, concealed and disguised, and agreed with others to conceal and disguise, the nature, source, location, ownership, and control of the unlawful proceeds by, among other things, causing transactions involving the unlawful

proceeds, and agreeing to cause transactions involving the unlawful proceeds, to be made to and from bank accounts located in Panama, Switzerland, and the United States, including bank accounts held in the name of shell companies.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 3/28/2018

By: _____
KAREN ROCHLIN
ASSISTANT UNITED STATES ATTORNEY

SANDRA L. MOSER
ACTING CHIEF, FRAUD SECTION

Date: 3/28/18

By: _____
LORINDA LARYEA
DAVID FUHR
TRIAL ATTORNEYS

DEBORAH L. CONNOR
ACTING CHIEF, MONEY LAUNDERING & ASSET RECOVERY SECTION

Date: 3/28/18

By: _____
RANDALL WARDEN
MARY ANN MCCARTHY
TRIAL ATTORNEYS

Date: 3/28/18

_____
PAUL PETRUZZI, ESQ.
ATTORNEY FOR DEFENDANT ESCOBAR

Date: 3/28/18

_____
ARTURO ESCOBAR DOMINGUEZ
DEFENDANT

5